IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-85-FL

| | | |
|---|---|---|
| COLEMAN PULLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 34, 39).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones issued memorandum and recommendation ("M&R") recommending that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court rejects the recommendation of the magistrate judge and finds that the case must be remanded pursuant to sentence six of 42 U.S.C. § 405(g), as set forth herein.

**BACKGROUND**

Plaintiff filed an application for supplemental security income benefits ("SSI") on July 23, 2008, alleging that he became unable to work on June 15, 2005. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

June 24, 2010. On March 24, 2011, the Appeals Council ("AC") denied plaintiff's request for review. Plaintiff filed complaint in this court on May 27, 2011, for review of the final administrative decision. On November 21, 2011, plaintiff filed one of the instant motions for judgment on the pleadings requesting that this court reverse the finding of the commissioner, or, in the alternative, remand for a new hearing. On February 24, 2012, defendant also made motion for judgment on the pleadings, requesting the court grant judgment as a matter of law affirming the commissioner. By M&R entered July 26, 2012, it is recommended that the court deny plaintiff's motion and grant defendant's. On August 9, 2012, plaintiff filed objections to the M&R.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C.

§ 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: diabetes mellitus and alcoholism. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ

3

determined that plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations: he could not climb ladders or be around unprotected heights or moving machinery and could only occasionally climb stairs or balance. The ALJ determined that plaintiff could not perform his past relevant work, but that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

B.  Analysis

Plaintiff raises two objections to the M&R. Specifically, plaintiff argues that: (1) the ALJ improperly evaluated his credibility; and (2) new material evidence has come to light warranting a remand. Upon *de novo* review of plaintiff's objections, the court overrules plaintiff's first objection but sustains his second objection.

1.  The ALJ's determination of plaintiff's credibility

Plaintiff objects to the magistrate judge's evaluation of his credibility in considering his subjective complaints regarding his symptoms. "The determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must determine whether the plaintiff has a medical impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Id. (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). If this threshold question is satisfied, then the ALJ evaluates the actual intensity and persistence of the plaintiff's pain or other symptoms, and the extent to which it affects his ability to work. Id. at 595. At this second step, the ALJ considers

> not only the claimant's statements . . . but also "all [of] the available evidence,"
> including the claimant's medical history, medical signs, and laboratory findings, any

4

> objective medical evidence . . . and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the [symptoms], and any medical treatment taken to alleviate it.

Id. (quoting 20 C.F.R. §§ 416.929(c)(2), 404.1529(c)(2)). A plaintiff's allegations of pain and other symptoms "need not be accepted to the extent they are inconsistent with the available evidence," based on a consideration of the entire case record. Id.; see SSR 96-7p.

In this case, the ALJ considered plaintiff's subjective complaints associated with his impairments, and found first that plaintiff had medically determinable impairments which reasonably could be expected to cause some of the alleged symptoms. R. 15. However, at the second step the ALJ found that the plaintiff's statements as to the extent of his pain were not credible in light of the following considerations: (1) apparent contradictions between plaintiff's statements regarding his drug and alcohol use and other evidence of record; (2) the results of plaintiff's September 2008 examination in which claimant showed he was able to walk without assistance, squat, heel/toe and tandem walk, had full range of motion in all four of his extremities, and stated that he could walk one mile, and mow grass on a riding lawnmower; (3) his intermittent employment doing odd jobs and seasonal farm work; (4) his lack of consistency in medical followup, noncompliance in use of his medications despite being given samples, and long periods in which plaintiff did not seek medical treatment. R. 15-16.

Plaintiff objects to the ALJ's credibility determination on three grounds. First he asserts that the record shows he could not afford treatment and medication. A claimant may not be "penalized for failing to seek treatment she cannot afford." Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986); see also, Social Security Ruling ("SSR") 96-7p, 1996 W.L. 374186, at *7-8 (forbidding an

5

adjudicator from drawing inferences about an individual's symptoms from failure to seek medical treatment without first considering the individuals explanations, including inability to afford or access treatment). In this case, however, the ALJ noted that plaintiff received applications for pharmaceutical assistance which there is no evidence he completed, that he was a repeated "no show" for appointments, and that there was no evidence plaintiff was ever turned away from care due to his finances. R. 13, 351, 354, 359, 383. Indeed, as was noted in the M&R, plaintiff repeatedly did not pick up medications when they were made available to him. See R. 348, 349, 355.

Plaintiff's second ground for his objection to the ALJ's credibility evaluation is what he takes to be the improper determination that he could do significant physical work activity. Plaintiff argues that the kind of work he did intermittently was not indicative of what he could do on a full-time basis and thus the ALJ erroneously relied on this evidence in finding plaintiff less than fully credible. This argument is without merit. As was noted above, the ALJ considered numerous factors beyond plaintiff's intermittent work in determining plaintiff's assertions of his limitations were not fully credible. Thus, substantial evidence supported the ALJ's determination, and "the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary." Russell v. Barnhart, 58 F. App'x 25, 27 (4th Cir. 2003) (quotations omitted).

Finally, plaintiff contends the ALJ improperly considered plaintiffs alcohol addiction in determining his credibility. Plaintiff maintains that unless an ALJ determines alcohol use is material to a claimant's disability, it should not be considered, citing McGhee v. Barnhart, 366 F. Supp. 2d 379, 389 (W.D.Va 2005). This argument is also without merit. McGhee stands for the proposition

6

that an ALJ need only evaluate whether alcoholism is material to a finding of disability if a claimant is found to be disabled under the five-step disability inquiry and there is medical evidence of the claimant's alcoholism. Id. This is because "an individual shall not be considered to be disabled for purposes of this title if alcoholism . . .would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

Here the ALJ did not find plaintiff disabled and so was not obliged to consider if plaintiff's alcoholism was a material factor in a finding of disability. This did not preclude her, however, from comparing plaintiff's statements regarding his alcohol use to the evidence of record in making her credibility determination. See Sutphin v. Astrue, No. 3:07-CV-171, 2009 WL 103585 (N.D.W.Va. Jan. 14, 2009)(ALJ properly considered conflicting statements regarding alcohol use in determining plaintiff's credibility); cf. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (ALJ should make credibility determinations making specific reference to the evidence informing the ALJ's conclusion). Accordingly, plaintiffs objection regarding the ALJ's credibility determination is overruled.

2. New evidence

Plaintiff's second objection is to the recommendation that this court not remand to the agency under sentence six of 42 U.S.C. § 405(g) based upon a subsequent finding by the Social Security Administration that plaintiff was "found disabled in June 2010," DE 35-1, 4, and that plaintiff was"eligible for SSI beginning December 8, 2010." Id. at 3. Under sentence six of 42 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that

7

there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991). The new evidence must relate "to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). The new evidence need not have existed during that period, but rather must be considered if it has any bearing upon whether the claimant was disabled during the relevant period of time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987).

This court in prior decisions has remanded on the same basis presented here, where the Social Security Administration finds the claimant disabled in a period commencing within the same month after the first ALJ's denial of disability. See Brunson v. Colvin, No. 5:11-CV-591-FL, 2013 WL 1332498 at *2-3 (E.D.N.C. Mar. 29, 2013); Outlaw v. Colvin, 5:11-CV-647-FL, 2013 WL 1309372 at *2-3 (E.D.N.C. Mar. 28, 2013) Laney v. Astrue, No. 7:10–CV–174–FL, 2011 WL 6046312 at *2 (E.D.N.C. Dec. 5, 2011); Smith v. Astrue, No. 5:10–CV–219–FL, 2011 WL 3905509 at *3 (E.D.N.C. Sept. 2, 2011). The court finds this same approach warranted here because of the close proximity in time between the subsequent disability determination, and because of plaintiff's representation that the "favorable disability decision was made on the same basis for which he sought disability benefits on his previous application." Pl.'s Mem. 12. Accordingly, the subsequent decision is material because there is a reasonable possibility that it would have changed the outcome of the prior ALJ determination, where it relates at least in part to the period before the prior ALJ determination. See Wilkins, 953 F.2d at 96; 20 C.F.R. § 404.970(b).

8

Furthermore, plaintiff had good cause for failing to incorporate the subsequent decision into the record in the first proceeding, given that the subsequent decision issued on August 2, 2011, after the March 24, 2011, date of the Appeals Council's denial of review in this case. See DE 35-1, R. 1.

In the M&R, it is recommended that this court find sentence six remand inappropriate because the subsequent decision is not considered, by itself, new evidence. The M&R cites to a Sixth Circuit decision in which the court concluded that "the mere existence of [a] subsequent decision in [plaintiff's] favor, standing alone, cannot be evidence that can change the outcome of his proceeding." Allen v. Comm'r of Social Sec., 561 F.3d 646, 653 (6th Cir. 2009). This view, however, is inconsistent with the Fourth Circuit's subsequent description of "another agency's *disability determination as evidence* of a claimant's condition." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012) (emphasis added). The court described "*all record evidence* relevant to a disability determination" as "including *decisions* by other agencies." Id. (emphasis added). Although the Fourth Circuit was addressing subsequent decisions by other agencies, if a subsequent decision by another agency is evidence, then it follows that a subsequent decision by the Social Security Administration itself also is evidence.[2] Accordingly, the court sustains plaintiff's objection, finding remand is necessary in light of this new decision.

---

[2] The court is aware of the Fourth Circuit's unpublished opinion in Baker v. Comm'r of Soc. Sec., No. 12-1709, 2013 WL 1866936 (4th Cir. May 6, 2013), in which the court stated that a "subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)," quoting the Sixth Circuit's opinion in Allen v. Commissioner, 561 F.3d 646, 653 (6th Cir. 2009). Baker, however, does not address the above-cited language from Bird. Absent further clarification by the Fourth Circuit, the court finds Bird controlling on the issue of whether a subsequent favorable decision itself may constitute new evidence.

Case 4:11-cv-00085-FL   Document 46   Filed 05/29/13   Page 9 of 10

## CONCLUSION

Based upon the foregoing, this court DECLINES to adopt the recommendation of the magistrate judge, GRANTS plaintiff's motion for judgment on the pleadings (DE 34) insofar as it requests remand, DENIES defendant's motion for judgment on the pleadings (DE 39), and REMANDS to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of the Social Security Administration decision dated August 2, 2011 (DE 35-1). Following remand, the Commissioner must return to this Court to file any additional or modified findings and any transcript of additional record upon which the modification or affirmance of the prior decision is based, pursuant to sentence six of 42 U.S.C. § 405(g).

SO ORDERED this the 29TH day of May, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge